UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ORIGINAL**

- - - - - - - - - - - - - - - X
                               :
UNITED STATES OF AMERICA       :        SEALED INDICTMENT
                               :
      - v. -                   :
                               :        S3 18 Cr. 184
MARC DEMANE DEBIH,             :
                               :
          Defendant.           :
                               :
- - - - - - - - - - - - - - - X

## COUNT ONE
### (Conspiracy to Commit Securities Fraud and Fraud in Connection with a Tender Offer)

The Grand Jury charges:

### Relevant Entities

1. At all times relevant to this Indictment, Investment Bank A was an independent global investment banking advisory firm with offices in, among other locations, London, England.

2. At all times relevant to this Indictment, Investment Bank B was an independent global investment banking advisory firm with offices in, among other locations, London, England.

3. At all times relevant to this Indictment:

a. Reliance Steel & Aluminum Co. ("Reliance") was a metals services center operator with headquarters in Los Angeles, California. Reliance's securities traded under the symbol "RS" on the New York Stock Exchange ("NYSE").

b. Metals USA Holdings Corp. ("Metals") was a metals processing and inventory management company with headquarters in

Florida. Metals' securities traded under the symbol "MUSA" on the NYSE.

c. Life Technologies Corporation ("Life") was a biotechnology company with headquarters in Carlsbad, California. Life's securities traded under the symbol "LIFE" on the NASDAQ Stock Exchange ("NASDAQ").

d. AmerisourceBergen Corporation ("ABC") was a pharmaceutical wholesale company with headquarters in Chesterbook, Pennsylvania. ABC's securities traded under the symbol "ABC" on the NYSE.

e. Heidrick & Struggles International, Inc. ("Heidrick") was a global executive search company with headquarters in Chicago, Illinois. Heidrick's securities traded under the symbol "HSII" on NASDAQ.

f. Onyx Pharmaceuticals Inc. ("Onyx") was a biopharmaceutical company with headquarters in San Francisco, California. Onyx's securities traded under the symbol "ONXX" on NASDAQ.

g. Amgen Inc. ("Amgen") was a biopharmaceutical company with headquarters in Thousand Oaks, California. Amgen's securities traded under the symbol "AMGN" on NASDAQ.

h. Idenix Pharmaceuticals, Inc. ("Idenix") was a pharmaceutical company with headquarters in Cambridge, Massachusetts. Idenix's securities traded under the symbol

"IDIX" on NASDAQ.

     i.    Merck & Co., Inc. ("Merck") was a pharmaceutical company with headquarters in Kenilworth, New Jersey. Merck's securities traded under the symbol "MRK" on the NYSE.

     j.    InterMune, Inc. ("Intermune") was a biotechnology company with headquarters in Brisbane, California. Intermune's securities traded under the symbol "ITMN" on NASDAQ.

     k.    Avanir Pharmaceuticals, Inc. ("Avanir") was a pharmaceutical company with headquarters in Aliso Viejo, California. Avanir's securities traded under the symbol "AVNS" on NASDAQ.

     l.    Otsuka Pharmaceutical Co., Ltd. ("Otsuka") was a healthcare company with headquarters in Tokyo, Japan.

     m.    Hyperion Therapeutics, Inc. ("Hyperion") was a biopharmaceutical company headquartered in San Francisco, California. Hyperion's securities traded under the symbol "HPTX" on NASDAQ.

     n.    Horizon Pharma plc ("Horizon") was a pharmaceutical company with headquarters in Dublin, Ireland. Horizon's securities traded under the symbol "HZNP" on NASDAQ.

     o.    Pharmacyclics Inc. ("Pharmacyclics") was a biopharmaceutical company with headquarters in Sunnyvale, California. Pharmacyclics' securities traded under the symbol "PCYC" on NASDAQ.

p.     Receptos Inc. ("Receptos") was a biotechnology company with headquarters in San Diego, California.  Receptos' securities traded under the symbol "RCPT" on NASDAQ.

q.     Celgene Corporation ("Celgene") was a biopharmaceutical company with headquarters in Summit, New Jersey.  Celgene's securities traded under the symbol "CELG" on NASDAQ.

r.     Omnicare, Inc. ("Omnicare") was a health care company with headquarters in Cincinnati, Ohio.  Omnicare's securities traded under the symbol "OCR" on the NYSE.

s.     Solera Holdings, Inc. ("Solera") was a digital technology company with headquarters in Westlake, Texas. Solera's securities traded under the symbol "SLH" on the NYSE.

t.     Thoratec Corporation ("Thoratec") was a medical device company with headquarters in Pleasanton, California. Thoratec's securities traded under the symbol "THOR" on the NASDAQ.

## Statutory Allegations

4.     From at least in or about December 2012 through in or about February 2018, in the Southern District of New York and elsewhere, MARC DEMANE DEBIH, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, to wit, (a) securities

4

fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2; and (b) fraud in connection with a tender offer, in violation of Title 15, United States Code, Sections 78n(e) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.14e-3(a) and 240.14e-3(d).

5. It was a part and object of the conspiracy that MARC DEMANE DEBIH, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, DEMANE DEBIH, and others known and unknown, conspired to commit insider trading in connection with the U.S. exchange traded securities of at least Metals, Life, ABC,

5

Heidrick, Onyx, Intermune, Idenix, Avanir, Hyperion, Pharmacyclics, Receptos, Omnicare, Solera, and Thoratec.

6. It was a further part and an object of the conspiracy that MARC DEMANE DEBIH, the defendant, and others known and unknown, willfully and knowingly would and did engage in fraudulent, deceptive, and manipulative acts and practices in connection with a tender offer, in that after an offering person had taken substantial steps to commence a tender offer, DEMANE DEBIH, and others known and unknown, while in possession of material information relating to such tender offer, which information they knew and had reason to know was non-public and which they knew and had reason to know had been acquired directly and indirectly from the offering person, the issuer of the securities sought and to be sought by such tender offer, and an officer, director, partner, and employee and other person acting on behalf of the offering person and such issuer: (a) purchased and sold and caused to be purchased and sold; and (b) communicated such material, non-public information under circumstances in which it was reasonably foreseeable that such communication would likely result in the purchase and sale of such securities and securities convertible into and exchangeable for such securities and options and right to obtain and to dispose of such securities and options, without such information and its source having been publicly disclosed by press release

and otherwise within a reasonable time prior to such purchase and sale, in violation of Title 15, United States Code, Sections 78n(e) and 78ff; and Title 17, Code of Federal Regulations, Sections 240.14e-3(a) and 240.14e-3(d), to wit, DEMANE DEBIH, and others known and unknown, conspired to commit insider trading in connection with the proposed tender offers relating to at least (a) Amgen for the U.S. exchange traded securities of Onyx; (b) Merck for the U.S. exchange traded securities of Idenix; (c) Otsuka for the U.S. exchange traded securities of Avanir; (d) Horizon for the U.S. exchange traded securities of Hyperion; and (e) Celgene for the U.S. exchange traded securities of Receptos.

### Overt Acts

7. In furtherance of the conspiracy, and to effect the illegal objects thereof, MARC DEMANE DEBIH, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. In or about December 2012, a co-conspirator not named as a defendant herein ("CC-1"), while employed as an analyst at Investment Bank A, accessed files on Investment Bank A's computer network relating to the potential acquisition of Metals.

b.    On May 12, 2014, DEMANE DEBIH purchased 85,037 common shares of Idenix using an online brokerage account.

(Title 18, United States Code, Section 371.)

## COUNT TWO
## (Conspiracy to Commit Wire Fraud and Securities Fraud)

The Grand Jury further charges:

8.    The allegations contained in paragraphs 1 through 3 and 7 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

9.    From at least in or about December 2012 through in or about February 2018, in the Southern District of New York and elsewhere, MARC DEMANE DEBIH, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit (a) wire fraud, in violation of Title 18, United States Code, Section 1343; and (b) securities fraud, in violation of Title 18, United States Code, Section 1348.

10.    It was a part and an object of the conspiracy that MARC DEMANE DEBIH, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television

8

communication in interstate and foreign commerce writings,
signs, signals, pictures, and sounds for the purpose of
executing such scheme and artifice, in violation of Title 18,
United States Code, Section 1343, to wit, DEMANE DEBIH and
others conspired to defraud at least Investment Bank A,
Investment Bank B, Reliance, Life, ABC, Heidrick, Onyx,
Intermune, Idenix, Avanir, Hyperion, Pharmacyclics, Receptos,
Omnicare, Solera, and Thoratec of valuable confidential
information by deceptively converting that information to their
own use and the use of others in breach of fiduciary and other
duties owed to the subject companies for the purpose of
committing insider trading.

11.  It was further a part and an object of the conspiracy
that MARC DEMANE DEBIH, the defendant, and others known and
known, willfully and knowingly would and did execute a scheme
and artifice to (a) defraud persons in connection with
securities of an issuer with a class of securities registered
under Section 12 of the Securities Exchange Act of 1934 and that
was required to file reports under Section 15(d) of the
Securities Exchange Act of 1934, and (b) obtain, by means of
false and fraudulent pretenses, representations, and promises,
money and property in connection with the purchase and sale of
securities of an issuer with a class of securities registered
under Section 12 of the Securities Exchange Act of 1934 and that

was required to file reports under Section 15(d) of the

Securities Exchange Act of 1934, in violation of Title 18,

United States Code, Section 1348, to wit, DEMANE DEBIH and

others schemed to defraud at least Reliance, Life, ABC,

Heidrick, Onyx, Intermune, Idenix, Avanir, Hyperion,

Pharmacyclics, Receptos, Omnicare, Solera, and Thoratec of

valuable confidential information by deceptively converting that

information to their own use, using cellular telephones and e-

mail communications, for the purpose of executing transactions

in the securities of Metals, Life, ABC, Heidrick, Onyx,

Intermune, Idenix, Avanir, Hyperion, Pharmacyclics, Receptos,

Omnicare, Solera, and Thoratec.

(Title 18, United States Code, Section 1349.)

## COUNTS THREE through SEVENTEEN
### (Securities Fraud)

The Grand Jury further charges:

12. The allegations contained in paragraphs 1 through 3

and 7 of this Indictment are hereby repeated, realleged, and

incorporated by reference, as if fully set forth herein.

13. On or about the dates set forth below, in the Southern

District of New York and elsewhere, MARC DEMANE DEBIH, the

defendant, willfully and knowingly, directly and indirectly, by

the use of means and instrumentalities of interstate commerce,

and of the mails, and of facilities of national securities

exchanges, used and employed in connection with the purchase and sale of securities manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, DEMANE DEBIH, executed and caused to be executed timely securities transactions, based on material non-public information supplied in breach of a duty, including the securities transactions listed below on or about the dates listed below:

11

| Count | Transaction Date | Company | Transactions |
|-------|------------------|---------|--------------|
| 3 | In or about December 2012 and January 2013 | Metals | Purchases of at least approximately:<br>• 12,000 common shares;<br>• 1,822 spread bet contracts; and<br>• 3,500 contracts for difference ("CFDs") |
| 4 | In or about January 2013 | Life | Purchases of at least approximately:<br>• 9,500 common shares;<br>• 100 call option contracts;<br>• 1,000 spread bet contracts;<br>• 500 spread bet call option contracts;<br>• 8,888 CFDs; and<br>• 10 CFD call option contracts |
| 5 | In or about February and March 2013 | ABC | Purchases of at least approximately:<br>• 30,000 common shares;<br>• 695 call option contracts;<br>• 1,600 spread bet contracts; and<br>• 16,000 CFDs |
| 6 | In or about April 2013 | Life | Purchases of at least approximately:<br>• 100 call option contracts;<br>• 1,227 spread bet contracts;<br>• 1,224 spread bet call option contracts; and<br>• 18,000 CFDs |
| 7 | In or about April and May 2013 | Heidrick | Purchases of at least approximately 1,830 spread bet contracts |

| 8 | In or about June 2013 | Onyx | Purchases of at least approximately:<br>• 57,200 common shares;<br>• 244 call option contracts;<br>• 1,300 spread bet contracts;<br>• 500 spread bet call option contracts; and<br>• 20,500 CFDs |
|---|---|---|---|
| 9 | In or about April through August 2014 | Intermune | Purchases of at least approximately:<br>• 149,005 common shares;<br>• 400 call option contracts; and<br>• 353,000 CFDs |
| 10 | In or about May and June 2014 | Idenix | Purchases of at least approximately:<br>• 321,647 common shares; and<br>• 496,089 CFDs |
| 11 | In or about November 2014 | Avanir | Purchases of at least approximately:<br>• 25,000 common shares; and<br>• 35,111 CFDs |
| 12 | In or about March 2015 | Hyperion | Purchases of at least approximately 243,272 CFDs |
| 13 | In or about March 2015 | Pharmacyclics | Purchases of at least approximately:<br>• 500 call option contracts; and<br>• 160,000 CFDs |
| 14 | In or about March and April 2015 | Receptos | Purchases of at least approximately:<br>• 26,000 common shares;<br>• 255 call option contracts; and<br>• 162,119 CFDs |

13

| 15 | In or about April and May 2015 | Omnicare | Purchases of at least approximately:<br>• 25,000 common shares;<br>• 30 call option contracts; and<br>• 294,604 CFDs |
| 16 | In or about July 2015 | Thoratec | Purchases of at least approximately 300,000 CFDs |
| 17 | In or about August and September 2015 | Solera | Purchases of at least approximately:<br>• 65,888 common shares;<br>• 100 call option contracts; and<br>• 367,815 CFDs |

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5 & 240.10b5-2; and Title 18, United States Code, Section 2.)

## COUNTS EIGHTEEN THROUGH TWENTY-TWO
### (Fraud in Connection with Tender Offers)

The Grand Jury further charges:

14. The allegations contained in paragraphs 1 through 3 and 7 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

15. On or about the dates set forth below, in the Southern District of New York and elsewhere, MARC DEMANE DEBIH, the defendant, willfully and knowingly engaged in fraudulent, deceptive, and manipulative acts and practices in connection with a tender offer, in that after an offering person had taken substantial steps to commence a tender offer, DEMANE DEBIH, while in possession of material information relating to such

14

tender offer, which information he knew and had reason to know was non-public and which he knew and had reason to know had been acquired directly and indirectly from the offering person, the issuer of the securities sought and to be sought by such tender offer, and an officer, director, partner, and employee and other person acting on behalf of the offering person and such issuer: (a) purchased and sold and caused to be purchased and sold; and (b) communicated such material, non-public information under circumstances in which it was reasonably foreseeable that such communication would likely result in the purchase and sale of such securities and securities convertible into and exchangeable for such securities and options and right to obtain and to dispose of such securities and options, without such information and its source having been publicly disclosed by press release and otherwise within a reasonable time prior to such purchase and sale, to wit, DEMANE DEBIH, executed and caused to be executed timely securities transactions, based on material non-public information supplied in breach of a duty, including the securities transactions listed below on or about the dates listed below.

| Count | Transaction Date | Company | Transactions |
|-------|------------------|---------|--------------|
| 18 | In or about June 2013 | Onyx | Purchases of at least approximately:<br>• 57,200 common shares;<br>• 244 call option contracts;<br>• 1,300 spread bet contracts;<br>• 500 spread bet call option contracts; and<br>• 20,500 CFDs |
| 19 | In or about May and June 2014 | Idenix | Purchases of at least approximately:<br>• 321,647 common shares; and<br>• 496,089 CFDs |
| 20 | In or about November 2014 | Avanir | Purchases of at least approximately:<br>• 25,000 common shares; and<br>• 35,111 CFDs |
| 21 | In or about March 2015 | Hyperion | Purchases of at least approximately 243,272 CFDs |
| 22 | In or about March and April 2015 | Receptos | Purchases of at least approximately:<br>• 26,000 common shares;<br>• 255 call option contracts; and<br>• 162,119 CFDs |

(Title 15, United States Code, Sections 78n(e) & 78ff;
Title 17, Code of Federal Regulations, Sections 240.14e-3(a) &
240.14e-3(d); and Title 18, United States Code, Section 2.)

## COUNTS TWENTY-THREE THROUGH THIRTY-SEVEN
### (Wire Fraud)

The Grand Jury further charges:

16.  The allegations contained in paragraphs 1 through 3

and 7 of this Indictment are hereby repeated, realleged, and

incorporated by reference, as if fully set forth herein.

16

17. On or about the dates set forth below, in the Southern District of New York and elsewhere, MARC DEMANE DEBIH, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, through the use of interstate wires, including interstate and international telephone calls, DEMANE DEBIH participated in a scheme to defraud at least Investment Bank A, Investment Bank B, Reliance, Life, ABC, Heidrick, Onyx, Intermune, Idenix, Avanir, Hyperion, Pharmacyclics, Receptos, Omnicare, Solera, and Thoratec of valuable confidential information by deceptively converting that information to his own use and the use of others in breach of fiduciary and other duties owed to the subject companies for the purpose of committing insider trading and executing the securities transactions listed below:

17

| Count | Transaction Date | Company | Transactions |
|-------|------------------|---------|--------------|
| 23 | In or about December 2012 and January 2013 | Metals | Purchases of at least approximately:<br>• 12,000 common shares;<br>• 1,822 spread bet contracts; and<br>• 3,500 CFDs |
| 24 | In or about January 2013 | Life | Purchases of at least approximately:<br>• 9,500 common shares;<br>• 100 call option contracts;<br>• 1,000 spread bet contracts;<br>• 500 spread bet call option contracts;<br>• 8,888 CFDs; and<br>• 10 CFD call option contracts |
| 25 | In or about February and March 2013 | ABC | Purchases of at least approximately:<br>• 30,000 common shares;<br>• 695 call option contracts;<br>• 1,600 spread bet contracts; and<br>• 16,000 CFDs |
| 26 | In or about April 2013 | Life | Purchases of at least approximately:<br>• 100 call option contracts;<br>• 1,227 spread bet contracts;<br>• 1,224 spread bet call option contracts; and<br>• 18,000 CFDs |
| 27 | In or about April and May 2013 | Heidrick | Purchases of at least approximately 1,830 spread bet contracts |

| 28 | In or about June 2013 | Onyx | Purchases of at least approximately:<br>• 57,200 common shares;<br>• 244 call option contracts;<br>• 1,300 spread bet contracts;<br>• 500 spread bet call option contracts; and<br>• 20,500 CFDs |
|----|----|----|----|
| 29 | In or about April through August 2014 | Intermune | Purchases of at least approximately:<br>• 49,000 common shares;<br>• 400 call option contracts; and<br>• 353,000 CFDs |
| 30 | In or about May and June 2014 | Idenix | Purchases of at least approximately:<br>• 321,647 common shares; and<br>• 496,089 CFDs |
| 31 | In or about November 2014 | Avanir | Purchases of at least approximately:<br>• 25,000 common shares; and<br>• 35,111 CFDs |
| 32 | In or about March 2015 | Hyperion | Purchases of at least approximately 243,272 CFDs |
| 33 | In or about March 2015 | Pharmacyclics | Purchases of at least approximately:<br>• 500 call option contracts; and<br>• 160,000 CFDs |
| 34 | In or about March and April 2015 | Receptos | Purchases of at least approximately:<br>• 26,000 common shares;<br>• 255 call option contracts; and<br>• 162,119 CFDs |

| 35 | In or about April and May 2015 | Omnicare | Purchases of at least approximately:<br>• 25,000 common shares;<br>• 30 call option contracts; and<br>• 294,604 CFDs |
| 36 | In or about July 2015 | Thoratec | Purchases of at least approximately 300,000 CFDs |
| 37 | In or about August and September 2015 | Solera | Purchases of at least approximately:<br>• 65,888 common shares;<br>• 100 call option contracts; and<br>• 367,815 CFDs |

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THIRTY-EIGHT
### (Securities Fraud)

The Grand Jury further charges:

18. The allegations contained in paragraphs 1 through 3 and 7 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

19. From at least in or about December 2012 through in or about September 2015, in the Southern District of New York and elsewhere, MARC DEMANE DEBIH, the defendant, willfully and knowingly executed a scheme and artifice to (a) defraud persons in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses,

20

representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, to wit, DEMANE DEBIH and others schemed to defraud at least Reliance, Life, ABC, Heidrick, Onyx, Intermune, Idenix, Avanir, Hyperion, Pharmacyclics, Receptos, Omnicare, Solera, and Thoratec of valuable confidential information by deceptively converting that information to their own use, using cellular telephones and e-mail communications, for the purpose of executing transactions in the securities of Metals, Life, ABC, Heidrick, Onyx, Intermune, Idenix, Avanir, Hyperion, Pharmacyclics, Receptos, Omnicare, Solera, and Thoratec.

(Title 18, United States Code, Sections 1348 and 2.)

**FORFEITURE ALLEGATION**

20. As a result of committing one or more of the offenses alleged in Counts One through Thirty-Eight of this Indictment, MARC DEMANE DEBIH, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the

21

offenses alleged in Counts One through Thirty-Eight of this Indictment.

## Substitute Assets Provision

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

FOREPERSON

Robert Khuzami
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

22

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

**MARC DEMANE DEBIH,**

**Defendant.**

---

**SEALED INDICTMENT**

S3 18 Cr. 184

(18 U.S.C. §§ 371, 1343, 1348, 1349, and
2; 15 U.S.C. §§ 78j(b), 78n(e), 78ff;
17 C.F.R. §§ 240.10b-5, 240.10b5-2,
240.14e-3(a), 240.14e-3(d).)

ROBERT KHUZZMI
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515.

A TRUE BILL

Foreperson.

---

6/13/18    Filed Indictment under seal
           Arrest Warrants issued        USMJ Gorenstein /rq