```
K93AATAYC                       Remote Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                                  18 CR 184 (VSB)

MARC DEMANE DEBIH,

          Defendant.

------------------------------x
                                              New York, N.Y.
                                              September 3, 2020
                                              9:30 a.m.


Before:

                    HON. VERNON S. BRODERICK,

                                              District Judge


                            APPEARANCES

AUDREY STRAUSS
     Acting United States Attorney for the
     Southern District of New York
DANIEL TRACER
RICHARD COOPER
     Assistant United States Attorney

SEAN BUCKLEY
     Attorney for Defendant Debih
```

1              (Case called)
2              THE COURT:  Is the government on the line?
3              MR. TRACER:  Yes.  Good morning, your Honor.
4              It's Daniel Tracer for the government and my colleague
5     Rich Cooper is on as well.
6              Mr. Cooper, are you there?
7              MR. COOPER:  Yes.
8              Good morning, your Honor.
9              THE COURT:  OK.  Good morning.
10             Is defense counsel on the line?
11             MR. BUCKLEY:  Yes.
12             Good morning, your Honor.
13             Sean Buckley, on behalf of Marc DeMane, and with me on
14    the line as well is Mr. DeMane.
15             THE COURT:  OK.  All right.  Great.  Were we expecting
16    anyone else?
17             MR. TRACER:  Not from the government.
18             THE COURT:  Is Pretrial on the line?  OK.  We'll go on
19    the record.
20             If I could please ask the parties to identify
21    themselves for the record beginning with the government.
22             MR. TRACER:  Daniel Tracer and Richard Cooper, for the
23    government.
24             Good morning, your Honor.
25             THE COURT:  Good morning.

1          MR. BUCKLEY:  Good morning, your Honor.  Sean Buckley
2    for Mr. DeMane.  And I have Mr. DeMane on the line with me.
3          THE COURT:  OK.  Good morning.
4          So, I asked for this conference and I just had a
5    question.  I don't, as an overall matter, don't have an
6    objection to the proposal put before me with regard to
7    modifying Mr. Debih's bail but I had a question about, is there
8    or does the government sometimes enter into agreement related
9    to a defendant's agreement not to fight extradition should that
10   become necessary from whatever country a defendant may be
11   traveling to?
12         MR. TRACER:  We sometimes do consider those waivers of
13   extradition.  I am familiar with what your Honor is talking
14   about.  We had discussed that here.  And just to be very frank
15   about it, we don't think that in this context it would be
16   enforceable and so, we just didn't think there was any reason
17   to do it.
18         THE COURT:  OK.  And when you say it wouldn't be
19   enforceable, I know that in some context is that because it
20   wouldn't be enforceable in whatever country Mr. Debih is going
21   to?
22         MR. TRACER:  Correct.  In Serbia it is our
23   understanding -- I am speaking with others in the department --
24   that that would carry little, if any, weight in extradition
25   proceedings there and so, we didn't want to go down that road.

1          THE COURT:  OK.  All right.  I don't know what those
2     things -- I've seen them.  I don't know what they require in
3     terms of approval internally or in the state department or
4     otherwise, but I will take your representation, Mr. Tracer, and
5     what I will do is -- but I take it, let me ask Mr. Buckley
6     this -- that but for the issue with regard to enforceability of
7     such a document, am I correct that Mr. Debih would -- well, let
8     me ask, would Mr. Debih, does he consent, even if there is no
9     extradition, would he consent to, in other words, even if the
10    country wouldn't find any weight to it, I just want to assure
11    myself that he wouldn't object to any procedures to bring him
12    back to the country if that happened.
13         MR. BUCKLEY:  Yes, your Honor.  We can state that
14    without qualification and we were prepared to waive if
15    necessary.  But as Mr. Tracer notes, I think both the
16    government and the defense don't think that that is an issue
17    here but if it were to come to that, we can represent without
18    qualification that Mr. DeMane would waive any objection.
19         THE COURT:  OK.  Thank you, Mr. Buckley.
20         All right.  So, I will take care.  I'll take a look at
21    the letter and see if all is necessary is me endorsing and I'll
22    do that if I need to do an order to modify the terms of
23    Mr. Debih's bail, I will do that.  And I'll try and get that
24    done today or tomorrow.  OK?
25         MR. TRACER:  Yes.

1       MR. BUCKLEY:  Thank you, your Honor.
2            The only additional request from the defense would be
3  that we have an opportunity to redact this transcript, if
4  necessary, at least insofar as it identifies where Mr. DeMane
5  will be residing.
6            THE COURT:  That's fine.  And so the transcript will
7  for the time being will remain under seal until such time as
8  the government and defense can review it to make any
9  appropriate redaction and that was Mr. Buckley; is that
10 correct?
11           MR. BUCKLEY:  That's correct.  I'm sorry, your Honor.
12           THE COURT:  OK.  All right.  Is there anything else
13 that we have to deal with?
14           MR. TRACER:  Nothing else from the government.
15           THE COURT:  OK.  From the defense.
16           MR. BUCKLEY:  Nothing else from the defense.
17           Thank you, your Honor.
18           THE COURT:  Great.  Thank you very much.
19           We'll stand adjourned.
20           (Adjourned)